IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | |
|---|---|
| HERBERT FEIST § | |
| VS. § | CIVIL ACTION NO. 1:07cv594 |
| DIRECTOR, TDCJ-CID § | |

MEMORANDUM OPINION

Petitioner Herbert Feist, a parolee, proceeding *pro se*, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.[1]

Discussion

On April 6, 1981, in the 252nd District Court of Jefferson County, Texas, petitioner was convicted of aggravated robbery. Petitioner was sentenced to a term of forty (40) years' confinement in the Texas Department of Criminal Justice, Correctional Institutions Division. However, petitioner states that he is currently on parole.

The Petition

Petitioner brings this petition asserting he has accumulated over 100 years total time and is "currently on an illegal parole by virtue of [his] conviction." Petitioner claims he could not have filed this petition earlier because he was not dying earlier.

---

[1] Petitioner titled his pleading as a "Petition for Rule 60." In his petition, petitioner states he is on parole but is dying and is in "urgent need to file a 2254 based on 11.25 V.A.C.C.P." Article 11.25 is contained in the Texas Code of Criminal Procedure and provides for the removal of a person in legal custody when the person is afflicted with a disease which will render a removal necessary for the preservation of life. TEX. CODE CRIM. PROC. Art. 11.25 (Vernon 2006). Liberally interpreted, petitioner's pleading is construed as a petition for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254.

Analysis

*Exhaustion of State Habeas Corpus Remedies*

A person in custody pursuant to the judgment of a State court generally must exhaust available State habeas remedies prior to filing an application in Federal court. Title 28 U.S.C. § 2254 provides in pertinent part the following:

> (b)(1)  An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that --
>
>    (A)  the applicant has exhausted the remedies available in the courts of the State; or
>
>    (B)(i)   there is an absence of available State corrective process; or
>
>    (ii)  circumstances exist that render such process ineffective to protect the rights of the applicant.

The exhaustion requirement demands that an applicant fairly apprise the highest court of his state of the federal rights which were allegedly violated and to do so in a procedurally correct manner. *Beazley v. Johnson*, 242 F.3d 248, 263 (5th Cir. 2001); *Deters v. Collins*, 985 F.2d 789, 795 (5th Cir. 1993). In order to exhaust properly, a petitioner must "fairly present" all of his claims to the highest state court. *Morris v. Dretke*, 379 F.3d 199, 204 (5th Cir. 2004); *Picard v. Connor,* 404 U.S. 270 (1981). The federal claim must be the substantial equivalent of that presented to the state courts in order to satisfy the "fairly presented" requirement. *Id.* at 204-205.

Pursuant to 28 U.S.C. § 2254(c) "[a]n applicant shall not be deemed to have exhausted the remedies available in the courts of

the State . . . if he has the right under the law of the State to raise, by any available procedure, the question presented." In Texas, Article 11.07 "establishes the procedures for an application for writ of habeas corpus in which the applicant seeks relief from a felony judgment imposing a penalty other then death." TEX. CODE CRIM. P. ANN. Art. 11.07, § 1. Claims regarding parole revocation hearings are cognizable under TEX. CODE CRIM. P. ANN. Art. 11.07. *Board of Pardons and Paroles ex rel Keene v. Court of Appeals for the Eighth District*, 910 S.W.2d 481, 483 (Tex. Crim. App. 1995).

In order to raise a time credit claim, like petitioner's, in a state application for writ of habeas corpus, an applicant must first pursue his remedies through the Time-Served Credits Dispute Resolution system. TEX. GOV'T CODE ANN. § 501.0081 (Vernon 2004). Then, and only then, may an applicant proceed to file an application for a writ of habeas corpus under Article 11.07 of the Code of Criminal Procedure. *Ex Parte Shepherd*, 65 S.W.3d 673, 674-75 (Tex.Crim.App. 2002) (concurring opinion); *Ex Parte Stokes*, 15 S.W.3d 532, 533 (Tex.Crim.App. 2000). Further, in order to raise parole claims, like claims pertaining to trial, an applicant must file his application in the court and county in which he was convicted. *Ex parte Evans*, 964 S.W.2d 643, 647 (Tex. Crim. App. 1998); *Ex parte Woodward*, 619 S.W.2d 179 (Tex. Crim. App. 1981).

Here, petitioner has neither alleged nor demonstrated he filed either a time credit dispute resolution form or a state application for writ of habeas corpus concerning his claims. As petitioner has not filed a state application for writ of habeas corpus regarding

the claims asserted in this petition, the Texas Court of Criminal Appeals has not had the opportunity to consider his grounds for relief. Because the Texas Court of Criminal Appeals has not had the opportunity to consider his grounds for relief, the petition must be dismissed to allow petitioner to exhaust state habeas remedies. Accordingly, the petition should be dismissed. Further, for the reasons set forth below, petitioner's claims are without merit.

*Time Calculation*

While the constitution does not guarantee good time credit for satisfactory behavior while in prison,[2] under Texas good conduct time laws, inmates who exhibit good behavior while serving their sentences may accelerate completion of their period of confinement. Good conduct time, however, applies only to eligibility for parole or mandatory supervision. TEX. GOV'T CODE ANN. § 498.003(a) (West 1998). It operates merely to shorten the length or duration of the period during which an offender is confined. It does not operate to shorten the length of the sentence imposed by the sentencing court. As a matter of state law, good time and work time credits apply only to eligibility for parole or mandatory supervision and do not actually reduce, extend, or otherwise have any effect on the length of sentence imposed on an inmate. *See Ex parte Hallmark*, 883 S.W.2d 672, 674 (Tex.Crim.App.1994); TEX. GOV'T CODE ANN. § 498.003(a) (Vernon 2004).

---

[2] *Wolff v. McDonnell*, 418 U.S. 539, 557 (1974).

Petitioner asserts he has accumulated over 100 years total time. However, petitioner has neither alleged nor demonstrated he has served the complete length of the sentence imposed by the sentencing court. Because petitioner was not convicted until 1981, he could not have completed his forty (40) year sentence by the time he filed this petition in 2007.

Assuming petitioner complains of the state habeas procedure 11.25, petitioner's claim is without merit. Claims concerning infirmities in state habeas proceedings are not cognizable on federal habeas review. *Beazley v. Johnson*, 242 F.3d 248, 271 (5th Cir. 2001); *Trevino v. Johnson*, 168 F.3d 173, 180 (5th Cir. 1999). This court cannot grant habeas corpus relief "to correct alleged errors in state habeas proceedings." *See Trevino*, 168 F.3d at 180. "[E]rrors in state postconviction proceedings will not, in and of themselves, entitle a petitioner to federal habeas relief." *Morris v. Cain*, 186 F.3d 581, 585 n.6 (5th Cir. 1999). A state prisoner does not have a federal constitutional right to obtain release prior to the expiration of his sentence. *See Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995). Accordingly, the petition should be dismissed.

"Federal law opens two main avenues to relief on complaints related to imprisonment: a petition for habeas corpus, 28 U.S.C. § 2254, and a complaint under the Civil Rights Act of 1871, ... 42 U.S.C. § 1983." *Muhammad v. Close*, 540 U.S. 749, 750, 124 S.Ct. 1303, 1304 (2004). "[R]equests for relief turning on circumstances of confinement may be presented in a § 1983 action." *Id.* However,

the writ of habeas corpus is the appropriate federal remedy for a prisoner challenging the fact or duration of confinement. *Preiser v. Rodriguez*, 411 U.S. 475, 484, 93 S.Ct. 1827, 1833, 36 L.Ed,2d 439 (1973).

When a state inmate attacks "unconstitutional conditions of confinement and prison procedures," his proper remedy is a civil rights complaint under 42 U.S.C. § 1983. *Carson v. Johnson*, 112 F.3d 818, 820 (5th Cir. 1997). The core issue in determining whether a prisoner must pursue habeas corpus relief rather than a civil rights action is to determine whether the prisoner challenges the "fact or duration" of his confinement or merely the rules, customs, and procedures affecting "conditions" of confinement. *Spina v. Aaron*, 821 F.2d 1126, 1128 (5th Cir. 1987). To the extent petitioner complains that he has been denied access to the courts or otherwise complains of his conditions of confinement, petitioner's claims must be brought in a civil rights action filed pursuant to 42 U.S.C. § 1983. Accordingly, petitioner's claims concerning the conditions of confinement will be severed from this action.

## Conclusion

For the reasons set forth above, this petition for writ of habeas corpus will be dismissed. It is

**ORDERED** that petitioner's claims concerning the conditions of his confinement are **SEVERED** from this action. The Clerk of Court is directed to **SEVER** such claims and assign a separate civil action number. The resulting case should be assigned according to the

regular practice for allotment of newly-filed civil actions.  A Final Judgment shall be entered in accordance with this Memorandum Opinion.

**SIGNED** this the **2** day of **October, 2007.**

_____
Thad Heartfield
United States District Judge